The Honorable Randy Laverty State Representative P.O. Box 303 Jasper, Arkansas 72641-0303
Dear Representative Laverty:
You have requested an official Attorney General opinion concerning the provisions of certain Boone County ordinances (Ordinances 89-23, 89-27, and 94-4), copies of which you enclosed with your correspondence. These three ordinances interact as follows: Ordinance 89-23 levied a one percent county sales and use tax under the authority of Act 26 of 1983
(1st Ex. Sess.), provided for a rebate on "single transactions" in accordance with that Act, and defines the term "single transaction," as referenced in the Act. Ordinance 89-27 amended Ordinance 89-23 so as to remove the rebate provisions of Ordinance 89-23. Ordinance No. 94-4 amended Ordinances 89-23 and 89-27 so as to re-establish a rebate procedure for single transactions. It also re-defined the term "single transaction."
You have presented the following questions:
 (1) Are the sales of building materials and supplies to contractors, builders or other persons on a single invoice either for a commercial or residential building, or both, deemed to be a single transaction for the purposes of the above mentioned ordinances under Arkansas law?
 (2) If so, do these single transactions on either a commercial or residential building, or both, qualify for the rebate of sales or use tax collected in excess of the tax on the first $2,500 pursuant to these ordinances and Arkansas law?
RESPONSE
Question 1 — Are the sales of building materials and supplies tocontractors, builders or other persons on a single invoice either for acommercial or residential building, or both, deemed to be a singletransaction for the purposes of the above mentioned ordinances underArkansas law?
The significance of the term "single transaction" under state law is expressed in A.C.A. § 26-74-220, which applies to sales and use taxes levied under the authority of Act 26 of 1983 (1st Ex. Sess.), the Act under which the sales taxes were levied by the Boone County ordinances about which you have inquired. The provisions of A.C.A. § 26-74-220
therefore apply to those ordinances. That statute states in pertinent part:
 (b)(1) The term "single transaction", as used in this section and §§ 26-75-207—26-75-212, shall be defined by ordinance of the county levying the tax. Every county ordinance adopted after January 1, 1998 which calls for an election to levy a local sales and use tax authorized by this subchapter or any other provision of the Arkansas Code shall contain a definition of the term "single transaction" which definition shall amend all other previous ordinances defining" single transaction." Effective January 1, 1998, the most recent definition of "single transaction" adopted prior to January 1, 1998 shall apply to and amend all previous local sales and use tax ordinances. It is the intent of this provision to require each or county which levies a local sales and use tax to adopt uniform definitions of the term "single transaction" for all taxes levied by the county. This provision is limited to ordinances levying local sales and use taxes collected by the Department of Finance and Administration.
A.C.A. § 26-73-220(b)(1).
Under the provisions of the above-quoted statute, the term "single transaction" is to be defined by county ordinance, and the definition that is to be effective is the most recent one adopted by county ordinance prior to January 1, 1998. Accordingly, the meaning of that term will require a construction of the county ordinance containing the most recently adopted definition. Under this schema, therefore, the definition of the term "single transaction" that is set forth in Ordinance 94-4 is the effective one in Boone County, and the questions you have presented will require a construction of the language of that ordinance.
The Office of the Attorney General normally concerns itself primarily with matters of state law, and does not ordinarily construe the language of county ordinances. The construction of such ordinances necessarily involves a determination of the intent of the quorum court, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the quorum court that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. The construction of the ordinances about which you have inquired therefore must ultimately be handled through a medium that can consider such local matters, such as a court. For these reasons, I cannot opine definitively in response to your question.
Nevertheless, I will note that the definition of the term "single transaction" that is set forth in Ordinance 94-4 certainly appears on the surface to be stated broadly enough to apply to both commercial and residential buildings. I also note, however, that the definition of "single transaction," as applied to single family residential structures could be impacted by the provisions of Article 1, Section A of Ordinance 94-4. That section allows only one rebate per single family residential structure (as opposed to the one rebate per "single transaction" that is otherwise allowed). This restriction could, in effect, change the definition of "single transaction," as applied to single family residential structures.
The interaction of these two provisions is a matter that can only be resolved on the local level, or by a court that has the authority and means of determining the intent of the quorum court in formulating these provisions.
But regardless of how the term "single transaction" is applied to single family residential structures, the ordinances appear in any event to provide rebates on both commercial and residential buildings.
Question 2 — If so, do these single transactions on either a commercialor residential building, or both, qualify for the rebate of sales or usetax collected in excess of the tax on the first $2,500 pursuant to theseordinances and Arkansas law?
As noted in response to Question 1, above, the broad language of Ordinance 94-4, in stating the definition of the term "single transaction," would certainly appear on the surface to qualify single transactions on both commercial and residential buildings for rebates pursuant to the ordinance. I reiterate, however, that the provisions of Article 1, Section A of the ordinance appear to set up a different standard for rebates on single family residential structures. As previously stated, a reconciliation of these provisions and a definitive interpretation of these ordinances can only be conducted on the local level or by a court that can determine such matters as the legislative intent of the quorum court. Again, for these reasons, I cannot opine definitively in response to your question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh